United States District Court

Eastern District of California

Burch M. Bowen,

    Plaintiff,                      Civ. S 00-1451 LKK PAN P

  vs.                              Order

Joe Trieber, et al.,

    Defendants.

-oOo-

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action. Plaintiff moved for appointment of counsel September 26, 2005.

In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel. Lassiter v. Department of Social Services, 452 U.S. 18, 26-27 (1981). Section 1915(e)(1) of Title 28 confers discretion upon the court to request counsel represent an indigent civil litigant. Mallard v. District Court, 490 U.S. 296 (1989).

1     In deciding whether to appoint counsel the court exercises
2 discretion governed by a number of factors, including the
3 likelihood of success on the merits and the applicant's ability
4 to present his claims in light of their complexity.  <u>Weygandt v.</u>
5 <u>Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); <u>see</u> <u>also</u>, <u>LaMere v.</u>
6 <u>Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the
7 presumption of regularity in the state's procedures for confining
8 prisoners suggests a lack of likely success and counsels against
9 appointment of counsel.  <u>See</u> <u>Maclin v. Freake</u>, 650 F.2d 885, 887
10 (7th Cir. 1981).  As a general rule, the court will not appoint
11 counsel unless the applicant shows his claim has merit in fact
12 and law.  <u>Id.</u>  Even if the applicant overcomes this hurdle, the
13 court will not appoint counsel if the law is settled and the
14 material facts are within the plaintiff's possession, viz., they
15 do not require investigation outside the prison walls.  <u>Id.</u> at
16 887-88.
17     Here, plaintiff alleges defendants violated his
18 constitutional rights in connection with an on-the-job injury at
19 the tool and die shop at California State Prison - Folsom.  The
20 law governing these issues is settled and investigation outside
21 the prison walls is unnecessary to discover material facts.
22 There is, on the record before the court, no reason to believe
23 appointment of counsel would be of significant benefit.  The
24 court will not appoint counsel
25      September 23, 2005, plaintiff moved to extend discovery by
26  30 days so he can file and serve a motion to compel.  As stated

1  in the court's May 26, 2005, scheduling order, discovery was to
2  have been completed and motions to compel ruled upon and <u>complied</u>
3  <u>with</u> by September 23, 2005.  An extension of 30 days to file and
4  serve the motion would be of no use, and plaintiff fails to
5  establish cause for the lengthy extension necessary to obtain a
6  ruling on, and the benefits of, a motion to compel.
7       Accordingly, the court hereby orders that:
8       1.  Plaintiff's September 26, 2005, request for the
9  appointment of counsel is denied.
10      2.  Plaintiff's September 23, 2005, motion to extend
11 discovery is denied.
12      Dated:  September 29, 2005.

           /s/ Peter A. Nowinski
           PETER A. NOWINSKI
           Magistrate Judge